**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> OSCAR ANDRES MACIAS-SANDOVAL, <br><br> Defendant-Appellant. | No. 15-50053 <br><br> D.C. No. 3:14-cr-02306-LAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Oscar Andres Macias-Sandoval appeals from the district court's judgment

and challenges the 78-month sentence imposed following his guilty-plea

conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and 960.  We have jurisdiction under 28 U.S.C. § 1291.  We vacate and remand for resentencing.

Macias-Sandoval argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2.  After Macias-Sandoval was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline.  The Amendment is retroactive to cases pending on direct appeal.  *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).  The Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015).  Because we cannot determine from the record whether the district court considered all of the now-relevant factors, we vacate Macias-Sandoval's sentence and remand for resentencing.  *See Quintero-Leyva*, 823 F.3d at 523-24.

In light of this disposition, we do not reach Macias-Sandoval's claim that his sentence is substantively unreasonable.

**VACATED and REMANDED for resentencing.**

15-50053